UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SHIELA REDERICK and LARRY DEAN REDERICK,<br><br>Plaintiffs,<br><br>vs.<br><br>CHAD MARKS,<br><br>Defendant. | 4:25-CV-04161-CCT<br><br>**ORDER GRANTING IN PART DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS AND DISMISSING PLAINTIFFS' COMPLAINT WITHOUT PREJUDICE FOR LACK OF SUBJECT-MATTER JURISDICTION** |

Plaintiffs, Shiela Rederick and Larry Rederick, commenced this pro se lawsuit on August 22, 2025. Docket 1. Larry Rederick is a federal prisoner at Sandstone Federal Correctional Institution, and Shiela Rederick is his mother. *Id.* ¶¶ 4, 5. The complaint alleges claims against Chad Marks for breach of contract, negligence, and fraud arising out of an alleged agreement by Marks[1] to timely file a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct Larry Rederick's sentence. *See generally id.* Marks, who is also pro se, has filed a motion to dismiss, Docket 12, and a supplementary motion to dismiss or, in the alternative, motion for summary judgment, Docket 14. In his motion to

[1] According to the complaint, "Marks is a former federal prisoner who makes a living preparing 28 U.S.C. § 2255 motions and otherwise practicing law through the trade names 'Paralegal Associates' and 'Freedom Fighters.'" Docket 1 ¶ 6. But Marks is not an attorney and not licensed to practice law before any court. *Id.*

dismiss, Marks argues that Larry Rederick's claims should be dismissed because Larry is neither a party nor a third-party beneficiary of the alleged contract he seeks to enforce, Larry fails to allege a concrete, particularized, and actual injury, and Larry does not plausibly allege that Marks' actions were the proximate cause of Larry's alleged harm. *See* Docket 12 at 2–12. Marks seeks dismissal of Shiela's claims because Shiela does not have standing to assert claims based on alleged harm to Larry, the alleged contract between Shiela and Marks did not obligate Marks to file a § 2255 motion on Larry's behalf, and it appears to Marks that Larry signed the complaint on behalf of Shiela. *See id.* at 5–9 (citing Fed. R. Civ. P. 11(a) which requires that a party must personally sign a pleading if the party is not represented by counsel).

In his supplemental motion to dismiss, Marks contends that there is not subject-matter jurisdiction because the amount in controversy is below the jurisdictional threshold. Docket 14 at 3–10. Marks reiterates the standing arguments he raised in his initial motion to dismiss. *Id.* at 10–13. Marks also argues that the claims alleged against him should be dismissed on the merits under Rule 12(b)(6) or, in the alternative, that he is entitled to summary judgment under Federal Rule of Civil Procedure 56. *Id.* at 14–21. Larry Rederick moves for partial summary judgment.[2] Docket 18.

[2] The caption and body of the motion state that both plaintiffs move for summary judgment, but Shiela Rederick did not sign the motion. *See generally* Docket 18. Thus, it is properly construed as a motion for partial summary judgment by only Larry. Fed. R. Civ. P. 11(a) (requiring that every written motion be personally signed by a party who is not represented by counsel).

## I. Redericks' Motion for Leave to Effect Substitute Service (Docket 9)

Before Marks filed his motion to dismiss, the Redericks filed a motion for leave to effect substitute service on Marks. Docket 9. Specifically, the Redericks seek leave to serve Marks via certified mail at a P.O. Box Marks has identified as his business address. *Id.* at 1. When Marks filed a motion to dismiss each plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1) and (6), Marks did not allege insufficient process or insufficient service of process. *See generally* Docket 12. Thus, Marks has waived any defenses related to service of process. Fed. R. Civ. P. 12(g)(2). The Redericks' motion for leave to effect service on Marks, Docket 9, is denied as moot.

## II. Marks' Motion to Dismiss for Lack of Subject-Matter Jurisdiction

"Federal Courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such the existence of jurisdiction is a "threshold inquiry" to be decided in every federal case. *Crow Creek Sioux Tribe v. Bureau of Indian Affs.*, 463 F. Supp. 2d 964, 967 (D.S.D. 2006) (citation omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Because the Eighth Circuit Court of Appeals has "admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases[,]" *Rock Island Millwork Co. v. Hedges-Gough Lumber Co.*, 337 F.2d 24, 26–27 (8th Cir. 1964) (citations omitted), the Court first considers Marks' supplemental motion to dismiss on the grounds that the amount in controversy is below the jurisdictional threshold.

"The party seeking to invoke federal jurisdiction . . . carries the burden, which may not be shifted to another party." *Jones v. United States*, 727 F.3d 844, 846 (8th Cir. 2013) (citation omitted). Here, the Redericks allege that "[t]he Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000." Docket 1 ¶ 2. Under 28 U.S.C. § 1332, federal courts have original jurisdiction of all civil actions between citizens of different states when the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *see also OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Marks does not dispute that there is complete diversity of citizenship, but he contends that the Redericks "cannot satisfy the amount-in-controversy requirement for diversity jurisdiction." Docket 14 at 2.

In challenging subject-matter jurisdiction, a defendant may make either a facial or factual challenge to jurisdiction. *Middlebrooks v. United States*, 8 F. Supp. 3d 1169, 1173 (D.S.D. 2014). A facial challenge to jurisdiction only requires "the court to examine the complaint and determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction[.]" *Id.* (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). Under a facial challenge, the court "restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn*, 918 F.2d at 729 n.6 (internal citations omitted). A factual challenge, on the other hand, occurs when the face of the complaint "is formally sufficient[,]" but the defendant argues that "there is in fact no subject

matter jurisdiction." *Jackson v. Abendroth & Russell, P.C.*, 207 F. Supp. 3d 945, 950 (S.D. Iowa 2016) (quoting *Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009)).

The complaint seeks "[a]ctual damages in the amount of $5,000,000[, and] [p]unitive damages in an amount to be determined by the jury[.]" Docket 1 at 7. But Marks argues that the actual amount in controversy is far below the jurisdictional threshold and that it is a legal certainty that neither plaintiff can recover the jurisdictional minimum. Docket 14 at 3–4. This Court views Marks's supplemental motion to dismiss, Docket 14, as a factual challenge to jurisdiction.

"[A] complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994) (second alteration in original) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). "But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount . . . the suit will be dismissed." *St. Paul Mercury Indem. Co.*, 303 U.S. at 289 (citations omitted). Put differently, "[t]he district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than

$75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). "Absolute certainty . . . is not required." *Hedberg v. State Farm Mut. Auto. Ins.*, 350 F.2d 924, 928 (8th Cir. 1965) (citing *Aetna Cas. & Sur. Co. v. Flowers*, 330 U.S. 464, 468 (1947)).

Once a defendant "challenges the plaintiff's allegations of the amount in controversy," as Marks does here, "the plaintiff must [then] establish jurisdiction by a preponderance of the evidence." *Kopp*, 280 F.3d at 884–85 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 188–89 (1936)); *see also* 14B *Wright & Miller's Federal Practice and Procedure* § 3704 (5th ed. 2025) ("[W]hen challenged by the court or the defendant, in all cases originally commenced in a federal court, the plaintiff bears the initial burden of showing that it does not appear to a legal certainty that the claim is for less than the statutory jurisdictional amount; it must do so with competent proof showing a reasonable probability that the claim exceeds the jurisdictional amount."). The jurisdictional fact that must be proved "is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are[.]" *Kopp*, 280 F.3d at 885.

Because the complaint alleges state law claims, the Court must consider state law when deciding whether it is a legal certainty that the Redericks cannot recover more than $75,000 on their state law claims. But neither the Redericks nor Marks address which state's substantive law applies. The purported contract between the Redericks and Marks does not have a choice-of-law provision. *See* Docket 1-1 at 25–26. For purposes of considering Marks'

supplemental motion to dismiss because the amount in controversy does not exceed $75,000, however, the Court need not decide whether South Dakota,[3] New York,[4] or Minnesota[5] substantive law applies. Under each of these states' substantive laws, it is a legal certainty that the Redericks cannot recover more than $75,000 on their claims.

### A. Breach of Contract

According to the complaint, "Shiela Rederick and Larry Rederick agreed to pay $3,500 to Chad Marks in exchange for Marks' filing of a 28 U.S.C. § 2255 motion and to . . . timely provide Marks with information about the case." Docket 1 ¶ 32. The Redericks allege that they performed all their obligations under their contract with Marks but contend that Marks breached the contract because Marks did not timely file a 28 U.S.C. § 2255 motion on Larry Rederick's behalf with the United States District Court for the District of South Dakota. *Id.* ¶¶ 34, 35. According to the complaint, the Redericks "have been harmed by Marks' breach and seek money damages as compensation." *Id.* ¶ 36.

In his supplemental motion to dismiss, Marks notes that the purported contract provides for an additional payment of $500 if a reply brief is prepared. Docket 14 at 3, 5; *see also* Docket 1-1 at 26. Marks contends that the amount of the payment provided for in the purported contract "fixes the outer boundary

---

[3] The complaint alleges that Shiela Rederick is a citizen of South Dakota. Docket 1 ¶ 2.

[4] The complaint alleges that Marks is a citizen of New York. Docket 1 ¶ 2.

[5]The complaint alleges that Larry Rederick is a citizen of Minnesota. Docket 1 ¶ 2.

of any legally plausible compensatory recovery for a breach-of-contract claim." Docket 14 at 3. Marks also contends that the language of the contract[6] precludes the Redericks from recovering "consequential or expectancy or damages tied to postconviction outcomes." *Id.* at 4.

Under South Dakota law, the measure of damages for breach of contract "is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." SDCL § 21-2-1; *see also Hoffman v. Louis Dreyfus Corp.*, 435 N.W.2d 211, 214 (S.D. 1989) (recognizing that damages for breach of contract are generally limited to the pecuniary loss sustained (quoting 22 Am. Jur. 2d *Damages* § 751 (1988))); *Fontaine v. Steen*, 759 N.W.2d 672, 679 (Minn. Ct. App. 2009) (stating that the appropriate measure for breach-of-contract damages under Minnesota law is the amount that will place the nonbreaching party in the same position it would have been if the contract had been performed (citation omitted)); *Credit Suisse First Boston v. Utrecht Am. Fin. Co.*, 914 N.Y.S.2d 600, 603 (N.Y. Sup. Ct. 2010) (explaining that New York law aims to put the non-breaching party in as good of a position as it would have been but for the breach (citation omitted)).

In response to Marks' supplemental motion to dismiss, Larry Rederick argues that the "primary harm flows from Rederick's loss of an opportunity to

[6] The "Research Services and Agreement" attached as an exhibit to the complaint provides that "[i]t is understood that the ultimate decision whether to grant relief is squarely within the Courts [sic] discretion." Docket 1-1 at 25.

have his habeas motion heard[.]" Docket 16 at 7.[7] To the extent the Redericks seek consequential damages arising out of Larry's anticipated release from custody if he had filed a timely § 2255 motion that would have been granted, such damages are entirely speculative and not recoverable in a breach of contract action. *See, e.g., ISG, Corp. v. PLE, Inc.*, 917 N.W.2d 23, 32 (S.D. 2018), *Cardinal Consulting Co. v. Circo Resorts, Inc.*, 297 N.W.2d 260, 267 (Minn. 1980); *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 110 (2d Cir. 2007) (applying New York law) (stating that the damages "must be not merely speculative, possible, and imaginary, but they must be *reasonably certain*, and such only as actually follow or may follow from the breach of contract."(quotation omitted)).

Non-pecuniary, extracontractual damages, including emotional distress, are not recoverable in a breach of contract action. *Lickteig v. Alderson, Ondov, Leonard & Sween, P.A.*, 556 N.W.2d 557, 561 (Minn. 1996); *Perlbinder v. Vigilant Ins. Co.*, 141 N.Y.S.3d 141, 147 (N.Y. App. Div. 2021); *Fix v. First State Bank of Roscoe*, 807 N.W.2d 612, 617 (S.D. 2011) (noting that extra-contractual damages such as emotional distress are generally not recoverable in breach of contract actions unless there is an independent tort (citation omitted)).

---

[7] There is no indication that Shiela Rederick joins Larry Rederick's response to Marks' supplemental motion to dismiss. *See generally* Docket 16. Shiela Rederick did not file a separate response or otherwise indicate that she opposes Marks' supplemental motion to dismiss for lack of subject-matter jurisdiction.

Similarly, punitive damages are not available for breach of contract. SDCL § 21-3-2; *Egan v. N.Y. Care Plus Ins. Co. Inc.*, 716 N.Y.S.2d 430, 432 (N.Y. App. Div. 2000) (punitive damages are not available in a breach of contract action (citation omitted)); *Pillsbury Co. v. Nat'l Union Fire Ins. Co.*, 425 N.W.2d 244, 248 (Minn. Ct. App. 1988) (citation omitted).

The Redericks point to no evidence that they sustained any recoverable pecuniary loss stemming from Marks' alleged breach of contract other than the $3,500 payment the complaint alleges that the Redericks paid to Marks. *See* Docket 1 ¶ 14. Accordingly, the Court concludes that it is a legal certainty that the Redericks' breach of contract claim is "really for less than the jurisdictional amount." *Larkin*, 41 F.3d at 388 (internal quotation omitted).

**B. Negligence**

The complaint alleges that Marks "had a duty to timely file Larry Rederick's 28 U.S.C. § 2255 motion." Docket 1 ¶ 39. According to the complaint, "Marks breached that duty by submitting Larry Rederick's 28 U.S.C. § 2255 after the statute of limitations for the motion expired." *Id.* ¶ 40. Marks' alleged negligence harmed Larry "because his 28 U.S.C. § 2255 motion will not be heard on the merits and he will not be able to be heard on his ineffective assistance of counsel claims." *Id.* ¶ 42.

The existence of a legal duty is a question of law. *Laska v. Anoka Cnty.*, 696 N.W.2d 133, 138 (Minn. Ct. App. 2005) (citation omitted); *GoldenView Ready-Mix, L.L.C. v. Grangaard Constr.*, 24 N.W.3d 711, 722 n.5 (S.D. 2025); *Talbot v. N.Y. Inst. of Tech.*, 639 N.Y.S.2d 135, 136 (N.Y. App. Div. 1996).

Here, based on the allegations in the complaint, Marks' duty to timely file Larry Rederick's § 2255 motion stemmed solely from the alleged contract between the Redericks and Marks. *See generally* Docket 1. But for the alleged contract, Marks owed no duty to the Redericks. "When a contract provides the only source of duties between the parties, Minnesota law does not permit the breach of those duties to support a cause of action in negligence." *Glorvigen v. Cirrus Design Corp.*, 816 N.W.2d 572, 584 (Minn. 2012) (citation modified); *see also Fisher Sand & Gravel Co. v. State ex rel. S.D. Dep't of Transp.*, 558 N.W.2d 864, 867–70 (S.D. 1997) (recognizing that a defendant cannot be held liable for negligence when the defendant owes no duty other than one imposed by contract); *Dormitory Auth. v. Sampson Constr. Co.*, 30 N.Y.3d 704, 711 (N.Y. 2018) (stating that "a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" (quotation omitted)). Because Marks, as a matter of law, owed no legal duty to timely file Larry's § 2255 motion outside of an alleged contractual duty, the Court will not consider any of the unspecified "money damages" the Redericks allege they have sustained because of Marks' negligence, *see* Docket 1 at 6–7, when determining whether it is a legal certainty that the Redericks' claim is for less than the jurisdictional threshold.

**C. Fraud**

The Redericks' fraud claim stems from Marks' actions after the magistrate judge issued an order to show cause why Larry's § 2255 motion, which was docketed on October 8, 2024, should not be dismissed as untimely.

Docket 1 ¶¶ 19, 20, 21, 22, 23, 25. According to the complaint, “Marks’ fraud has harmed the Plaintiffs.” *Id.* ¶ 47. In Larry’s response to Marks’ supplemental motion to dismiss, Larry argues that Marks “exposed Mr. Rederick to sanctions from the habeas court . . . which gave rise to a claim for punitive damages to deter Marks’ future misconduct[.]” Docket 16 at 7; *see also id.* (referencing “exposure to civil and criminal sanctions based on Marks’ relentless lies to the habeas court”). Although Marks’ response to the order to show cause, based on the allegations in the complaint, is concerning, his alleged conduct does not give rise to an actionable fraud claim that would support an award of compensatory or punitive damages.

Under South Dakota law, the elements of an actionable fraud claim are:

> That a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with the intend to deceive and for the purpose of inducing the other party to act upon it; and that he did in fact rely on it and was induced thereby to act to his injury or damage.

*Stabler v. First State Bank of Roscoe*, 865 N.W.2d 466, 477 (S.D. 2015) (citation omitted); *see also Niccollet Restoration, Inc. v. City of St. Paul*, 533 N.W.2d 845, 846 n.2 (Minn. 1995) (stating that detrimental reliance is an essential element of a fraud claim under Minnesota law); *Water St. Leasehold LLC v. Deloitte & Touche LLP*, 796 N.Y.S.2d 598, 599 (N.Y. App. Div. 2005) (recognizing that under New York law detrimental reliance is an essential element of a fraud claim). The Redericks’ fraud claim arises from Marks’ misrepresentations to the magistrate judge to whom the untimely § 2255 motion was assigned. *See, e.g.*,

Docket 1 ¶¶ 22, 23, 25. But the Redericks do not allege that they detrimentally relied on Marks' misrepresentations to the magistrate judge. *See generally id.* Further, while the Redericks allege that they have been harmed by Marks' alleged fraud, they do not allege any specific harm or damage caused by the fraud. *See generally id.* Larry's response to Marks' supplemental motion to dismiss alleges that he was "exposed" to possible criminal or sanctions from the habeas court based on Marks' "relentless lies to the habeas court" but Larry does not allege that he was in fact sanctioned. *See generally* Docket 16.

Even assuming that the Redericks had pleaded a viable fraud claim, it is well established that only pecuniary losses are recoverable in an action for fraud. *Dziadek v. Charter Oak Fire Ins. Co.*, 213 F. Supp. 3d 1150, 1173–78 (D.S.D. 2016) (applying South Dakota law) (explaining that because fraud is an economic tort damages are limited to pecuniary losses and that there can be no recovery for emotional distress); *B.F. Goodrich Co. v. Mesabi Tire Co.*, 430 N.W.2d 180, 182 (Minn. 1988) (stating that damages arising from fraud are generally measured by the plaintiff's out-of-pocket loss); *Sanders v. Rosen*, 605 N.Y.S.2d 805, 810 (N.Y. Sup. Ct. 1993) (recognizing that because damages for fraud are limited to sums of money which are lost as a result of fraud, nonpecuniary loss for mental anguish and depression are not recoverable in a fraud action). The Redericks do not allege that they have suffered any out-of-pocket or pecuniary losses because of Marks' alleged fraud. *See generally* Docket 1; Docket 16 at 6–8. Accordingly, the Court declines to consider the unspecified, nonpecuniary damages the Redericks allege that Marks'

misrepresentations to the habeas court caused them when considering whether it is a legal certainty that the amount in controversy does not meet the jurisdictional threshold.

Based on the allegations in the complaint, Docket 1, and Larry's response to Marks' supplemental motion to dismiss, Docket 16, it is apparent, to a legal certainty, that plaintiffs' recoverable damages do not exceed $75,000. The Redericks paid Marks $3500 as consideration for the purported contract in issue. Docket 1 ¶ 14. But other than the contract amount, the Redericks do not identify any other economic or pecuniary losses they allege they sustained because of Marks' actions. *See generally id.* Further, Larry's response concedes that the primary harm is entirely speculative and, therefore, as a matter of law, not compensable. According to Larry's response, the "primary harm flows from Rederick's [sic] loss of an opportunity to have his habeas motion heard, [and] his exposure to civil and criminal sanctions based on Marks' relentless lies to the habeas court[.]" Docket 16 at 7. But if Larry's § 2255 motion was not meritorious, loss of the opportunity to have the motion heard did not result in any compensable damages. In the complaint the Redericks do not allege that the § 2255 motion, if timely filed, more likely than not would have been granted. *See generally* Docket 1. In response to Marks' supplemental motion to dismiss, Larry did not submit any evidence demonstrating that it is more likely than not his § 2255 motion would have been granted if it had been timely filed. *See generally* Docket 16. Finally, while the complaint sufficiently alleges that Marks' submissions to the habeas court contained misstatements,

misrepresentations, or perhaps even blatant lies, the Redericks were not sanctioned because of Marks' conduct and have not presented any evidence to demonstrate that Marks' lack of candor to the habeas court caused them to sustain any pecuniary loss. Accordingly, Marks' supplemental motion to dismiss, Docket 14, is granted in part. The Redericks' complaint, Docket 1, is dismissed without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## III. Conclusion

For these reasons, it is ORDERED:

1. That plaintiffs' motion for leave to effect service on Marks, Docket 9, is denied as moot.
2. That Marks' motion to dismiss, Docket 12, is denied as moot.
3. That Marks' supplemental motion to dismiss and, in the alternative, motion for summary judgment, Docket 14, is granted in part and denied in part as moot.
4. That plaintiffs' motion for summary judgment, Docket 18, is denied as moot.

5. That this action is dismissed without prejudice for lack of subject-matter jurisdiction.

Dated September 29, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*

CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE